IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-CV-1173-MAB |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

In April 2023, Plaintiff Andrew S. filed this lawsuit seeking judicial review of the Administrative Law Judge's decision denying his application for disability and disability insurance benefits (Doc. 3). The Commissioner of Social Security filed a motion to dismiss, arguing that Plaintiff failed to exhaust the required administrative appeal remedies before filing suit (Doc. 14). Because the Commissioner relied on materials outside of the complaint, the Court converted the motion to dismiss into a motion for summary judgment (Doc. 15). Plaintiff was given additional time—until September 20, 2023—to respond to the motion (Doc. 15). To date, Plaintiff has not filed a response.

The Court construes Plaintiff's failure to respond as an admission on the merits of the summary judgment motions. SDIL-LR 7.1(c). That does not, however, automatically result in judgment for the movants. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). *See also Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993) ("Nowhere in Rule 56 is the granting of

summary judgment authorized as a sanction for failing to file a timely response to a motion for summary judgment."). The Court must still ascertain whether the Commissioner has demonstrated that judgment is proper as a matter of law. *Keeton*, 667 F.3d at 884 (citing *Raymond*, 442 F.3d at 608). After reviewing the Commissioner's brief and attached exhibits, the Court concludes that the Commissioner has, in fact, demonstrated that she is entitled to summary judgment.

Summary judgment is proper when the moving party "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008).

The Social Security Act provides for judicial review of "any final decision . . . made after a hearing." 42 U.S.C. § 405(g). This provision requires the claimant to exhaust his administrative remedies prior to filing suit for judicial review. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). The applicable regulations outline a four-step process that a claimant must proceed through in order to obtain a judicially-reviewable final decision: initial determination, reconsideration, hearing before an Administrative Law Judge ("ALJ"), and review by the Appeals Council. 20 C.F.R. § 404.900(a). The Appeals Council may grant the request for review and issue its own decision, or it may deny the request for review and allow the ALJ's decision to stand. *See* 20 C.F.R. § 404.981. It is only after the Appeals Council has taken one of these two actions that the claimant has a "final

decision" entitling him to seek judicial review in federal district court. *Id.; see also* 20 C.F.R. §§ 404.900(a)(1-5), 422.210; *Smith*, 139 S. Ct. at 1772.

Here, Plaintiff's application for benefits was denied at the initial level and on reconsideration (Doc. 14-1, p. 3). Plaintiff requested a hearing before an ALJ, and following that hearing, the ALJ issued an unfavorable decision on January 10, 2023 (*Id.*). Plaintiff then filed a request for review with the Appeals Council on January 12, 2023 (*Id.*). Plaintiff filed this lawsuit seeking judicial review on April 7, 2023, before the Appeals Council had ruled on his request for review (*i.e.*, denied his request for review or reviewed his case and made its own decision) (*Id.*). Therefore, Plaintiff failed to exhaust his administrative remedies prior to filing suit, and the Commissioner is entitled to summary judgment.

## Conclusion

The motion to dismiss filed by the Commissioner of Social Security (Doc. 14), which was converted into a motion for summary judgment (Doc. 15), is **GRANTED**. This case is **DISMISSED without prejudice** due to Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

IT IS SO ORDERED.

DATED: October 19, 2023

s/ Mark A. Beatty
MARK A. BEATTY
**United States Magistrate Judge**
